UNGLES *v.* GRAVES,

The subscribing witness to a deed resided in *Ohio*, and the acknowledgment had been taken there before the mayor of *Cincinnati*. *Held*, that the deed,—on proof that the grantor had executed it, and that the witnesses had subscribed it, in the presence of the witness,—was admissible in evidence.

A constable is virtually within the provisions of the statute, requiring sheriffs to pay rent before the removal of goods taken in execution on demised premises; and, when sued for improperly paying rent, he is bound to give some evidence that the rent was due.

ERROR to the *Marion* Circuit Court.

HOLMAN, J.—*Graves* obtained a judgment before a justice of the peace against *Rufus Jennison*. On this judgment he took out an execution, which he placed in the hands of *Ungles*, a constable. *Ungles* returned, that, out of the property of said *Jennison*, he had made the sum of 57 dollars and 31 cents; all of which, except the costs, he had paid to *Samuel Jennison*, on notice: which notice, being a claim of said *Samuel Jennison's* to the sum of 75 dollars, for two quarters' rent of the premises on which the property was executed, was made a part of the constable's return. *Graves* then sued out a *scire facias*, requiring *Ungles* to show cause why he should not pay, on said execution, the money thus paid to *Samuel Jennison*. To this *scire facias*, the notice and claim of *Samuel Jennison* were pleaded; with an averment that the said *Samuel Jennison*, the landlord of the premises on which the property was executed, proved to the satisfaction of the constable, that he, as landlord, was entitled to said money for rent then due, which money was paid accordingly. The justice of the peace gave judgment in favour of *Ungles*. *Graves* appealed to the Circuit Court, and obtained a judgment against *Ungles* for the amount thus paid to the landlord.

By a bill of exceptions we learn, that, on the trial before the Circuit Court, *Ungles* introduced a patent from the *United States* to *David E. Wade*, for the premises on which the property was executed; and offered in evidence a deed from *Wade* to *Samuel Jennison* for the said premises, attested by *Isaac G. Burnett* and *William Jones*, and acknowledged before *Isaac G. Burnett*, may-

or of *Cincinnati;* which deed was rejected by the Circuit Court. He then proved by *Rufus Jennison,* that *Wade* signed, sealed, and acknowledged said deed; and that *Isaac G. Burnett* and *William Jones,* who now reside in the city of *Cincinnati,* state of *Ohio,* subscribed their names as witnesses to said deed in his presence. This evidence was also rejected by the Circuit Court; but we think it should have been admitted.

A constable, though not named, is, virtually, within the provisions of the act of assembly, that requires sheriffs to pay rent due on demised premises, before property taken in execution on said premises is removed; and, when sued for paying rent improperly, he is bound to give some evidence that the rent was due. 3 Stark. Ev. 1354.—*Keightley* v. *Birch,* 3 Campb. 521. The landlord's title to the premises, is a principal feature in the officer's defence; and we think the deed from *Wade* to *Samuel Jennison,* was sufficiently proved by the testimony of *Rufus Jennison.* When the subscribing-witnesses to a deed reside in another state, proof of their hand-writing is generally deemed sufficient. In some cases, however, proof of the hand-writing of the obligor or grantor has also been required. In this case, the evidence embraces both these requisitions. *Rufus Jennison,* who is a competent witness, testifies to the execution of the deed by *Wade,* and to the attestation of it by the subscribing-witnesses in his presence; which fully answers all that is required in any case we have yet seen. See a variety of cases on this subject cited in 1 Stark. Ev. 338—342.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Brown,* for the plaintiff.
*Fletcher,* for the defendant.