May Term,
1845.

THE STATE, on the Relation of LOWRY, v. BODLY and Another.

THE STATE
v.
BODLY.

The Circuit Court may appoint an elisor in a cause in which the sheriff is a party, there being no coroner in attendance; and a person, though he have served under the sheriff as bailiff to the petit jury in other causes, may be appointed such elisor.

If after the refusal of the Court to reject a plea, the plaintiff reply to or join issue on the plea, the refusal to reject the plea cannot be assigned as error.

If the subscribing witness to a bond reside out of the state, the plaintiff may prove his handwriting, although the defendant have procured his deposition and filed it in the cause. But if after a refusal in such case to receive evidence of the handwriting of the witness, the plaintiff resort to the deposition to prove the execution of the bond, such refusal cannot be assigned as error.

Whether a bond sued on was delivered as an escrow, and whether an alteration made in it after its delivery destroyed its identity, &c., are questions for the jury; and to enable the jury to determine those questions, they should have the bond before them.

ERROR to the *Fountain* Circuit Court.

Tuesday,
May 27.

DEWEY, J.—This was an action of debt, commenced before a justice of the peace, in the name of the state for the use of John Lowry, against Bodly and Orr, on a bond alleged to be executed by them and one Payne, since deceased, conditioned for the faithful discharge of the duties of a justice of the peace by Payne. On appeal to the Circuit Court, the defendants pleaded: 1st, That the bond was obtained from them by fraud, in this, viz., that they were induced to execute the same by the false and fraudulent representation of Payne, the principal, that one Brier would also execute it as a co-obligor; but that Brier refused. 2ndly, That the instrument was delivered by the defendants to Payne as an escrow, to be delivered to the plaintiff on condition that Brier should also execute it, otherwise to be redelivered to the defendants; and that Brier refused to sign it; wherefore it was not their deed. 3rdly, Non est factum, verified by oath.

The plaintiff moved the Court to reject the two first pleas. The motion was overruled, and the plaintiff replied in denial of the first plea, and took issue upon the second. Verdict and judgment for the defendants.

The regular panel of the jury having been summoned by Bodly, one of the defendants, who was the sheriff, the plaintiff challenged the array; and the challenge was allowed,

The plaintiff then moved the Court to appoint an elisor to act during the trial of the cause; and the Court appointed a person who had served in the capacity of bailiff to the petit jury in other causes under *Bodly*. The elisor summoned a jury to try the cause, and the plaintiff challenged the array, but the challenge was overruled.

On the trial, the plaintiff produced the bond on which the action is founded, and which purported to be attested by one *Gerould*, who, it was proved, was the deputy of the clerk of the Court in which the bond was filed; and having shown that *Gerould* was not a resident of this state, but lived in *Michigan*, the plaintiff proposed to establish the execution of the bond by proof of the handwriting of the subscribing witness. The defendants objected. Their objection was founded on the fact, that they had, themselves, procured the deposition of *Gerould* respecting the execution of the bond, which deposition was on file in this cause. The Court sustained the objection and rejected the testimony. The plaintiff then read the before-named deposition of *Gerould*, in which he testified that he wrote the bond in question, and inserted, in the body of it, the name of *Payne*, and the names of the defendants and *Samuel Brier*, as his sureties; that *Payne* and *Bodly* signed the bond in the clerk's office, to whose signatures only the witness attested; that when *Bodly* was about to sign, he asked *Payne* "*Brier* will sign this, wont he?" *Payne* answered "yes, he agreed to;" that *Bodly* left the office and *Payne* took the bond away to get the other names to it; that he returned in a short time, in the absence of *Bodly*, and erased the name of *Brier*, saying he had gone home he believed, and that the bond was sufficient. The witness then filed away the bond in the clerk's office. The plaintiff proved the execution of the bond by *Orr*, the other defendant, and proposed to read it to the jury, but an objection being made the Court excluded it.

The errors alleged are, the refusal of the Court to reject the two first pleas; overruling the challenge to the second array of the jury; the refusal of the Court to permit the plaintiff to prove the execution of the bond by proof of the handwriting of the subscribing witness; and the exclusion of the bond from the jury.

As to the refusal to reject the pleas, we conceive the plain-

tiff is precluded from urging that point as error by her own course. By replying to the first plea, and joining issue on the second, after the motion to reject was overruled, the plaintiff abandoned the motion. Had there been a demurrer to the pleas, and it had been overruled, it is well settled that by answering the pleas, the plaintiff would have waived the demurrer. The issues of fact would have overridden it. The effect must be the same in respect of a motion to reject a plea.

Nor is there any force in the objection to the legality of the jury summoned by the elisor. The Circuit Court had a discretionary power to appoint that officer, the sheriff being one of the defendants, and there being (as must be presumed) no coroner in attendance. R. S. 1843, p. 651. That the person appointed as elisor had served as bailiff to the jury in other causes, did not disqualify him. In the capacity of elisor he was an officer of the Court, and derived no authority from the sheriff. There could be no objection to his summoning the jury.

The plaintiff had a right, on proving that the subscribing witness to the bond in question was without the jurisdiction of the state, to prove his handwriting. *Ungles* v. *Graves*, 2 Blackf. 191.—*Bowser* v. *Warren*, 4 *id*. 522. We do not conceive this right was affected by the fact, that the defendants had followed the witness out of the state, and taken his deposition; and if the plaintiff had rested her cause upon the rejection of her testimony, an error would have been committed of which she could rightfully complain. But by resorting to the deposition of the subscribing witness taken by the defendants, the plaintiff made that testimony her own, and had no longer any pretence for resorting to secondary evidence, to prove the execution of the bond. The adoption of that testimony was an abandonment of the right to prove the handwriting of the subscribing witness,—as much so as if the plaintiff had produced the witness personally in Court. The rejection of the secondary evidence, therefore, can be no cause for reversing the judgment.

But we think that the exclusion of the bond from the jury was an error which must produce a reversal. The question whether the instrument in controversy was an escrow, or the deed of the defendants, was one of the issues formed by the

May Term, pleading, and was a matter for the jury to decide; and to
1845.    enable them to decide, it was necessary that the bond and all
DICKENS  the evidence in the cause should have been submitted to
v.       them.—*Murray* v. *The Earl of Stair*, 2 B. & C. 82.—2
THE STATE. Phill. Ev. 145.  There was also another question raised by
the pleadings, which was a matter for the jury,—and that
was whether, provided the instrument in its original form
was delivered by the defendants as their deed, the striking
out of the name of *Brier* was such an alteration as to destroy
its identity, and make it no longer their deed.  2 Stark. Ev.
part 4, p. 479.—Bull. N. P. 171.  To enable the jury to
decide that matter, it was necessary that the bond should
have been before them.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*R. A. Chandler*, for the plaintiff.

*R. C. Gregory*, for the defendants.