JAMES K. HUMPHREY, Appellant, *vs.* GEORGE HEZLEP, Respondent.

An order of the District Court vacating and quashing a Warrant of Attachment, is not an appealable order.

This was a motion to dismiss an Appeal to the Supreme Court from an order of the District Court vacating a warrant of Attachment.

The Plaintiff below filed his affidavit for a warrant of Attachment, on the 2d day of September 1854, in the District Court of Ramsey County, setting forth the amount of his claim, causes of action, &c. and that the Defendant had assigned and secreted his property with intent to delay or defraud his creditors, and stated several facts and circumstances upon which this allegation was made : among others, that the Defendant was largely indebted in New-York ; that he had left his creditors in Ohio entirely unpaid and unsatisfied ; and that since coming to Minnesota he had been extensively engaged in buying and selling real-estate and dealing in money and exchange, in the name of one Swift: that he had purchased a house and lot, in which he resided, from Henry M. Rice, and took the deed thereof in the name of said Swift ; and that he was living in a sumptuous and luxurious manner, without any independent income, and without means or property except that which he is concealing from his creditors.

Upon this affidavit, a warrant of Attachment was issued against the property of the Defendant,

Who afterwards appeared by Attorneys, and moved to vacate and set aside the warrant:

Because, the affidavit on which it was obtained was insufficient ;

Because, the facts stated as the ground on which the warrant of Attachment was obtained, are not true ; and

Because, the service and return of the warrant were insufficient, irregular and void.

The motion was accompanied by the affidavit of the Defendant, admitting his indebtedness in the State of New-York, but denying that he had been engaged in real-estate, exchange or money transactions in Minnesota, except as the agent of George K. Swift and others, and that in such business and transactions he had used no means of his own directly or indirectly, and that he had no interest in the profit or loss thereof. He further denies that the house and lot in which he lived belonged to him, or that he had any interest therein, but avers that the same was the property of said Swift, and that he (Swift) had paid the full consideration therefor.

The affidavit of Henry L. Moss was also used in the hearing of the motion, which corroborated the statements of the Defendant in regard to the ownership of the house and lot occupied by him.

Upon this motion, and the affidavit in support thereof, the District Court ordered that the warrant of Attachment be vacated and all proceedings thereon quashed.

From this order the Plaintiff appealed to the Supreme Court.

Afterwards, the Respondent moved to dismiss this Appeal:

Because, the Supreme Court had no jurisdiction of the subject matter; and

Because, it is not such an order or decision wherein an Appeal will lie.

The following are the points and authorities relied upon by the Appellant, resisting the motion to dismiss the Appeal:

*First.* The order quashing an Attachment is an appealable order, and the motion to dismiss the Appeal ought not to be sustained. *Rev. Statutes, Sec.* 134, *p.* 346, *and amendments thereto; 3d Sub. of Sec.* 11, *Rev. Stat. p.* 414; *Voorhies' N. Y. Code, 3d Ed. pp.* 18, 19; *Whittaker's Pr. Vol.* 1, *p.* 205, *2d Ed.; Monell's Pr. 2d Ed. Part* 2, *Sec.* 3, *p.* 289.

*Second.* The order to quash the Attachment was illegal and improper. See *Am. Rev. Statutes, Sec.* 136, *p.* 346.

[The Points and authorities of the Respondent, in support of the motion to dismiss the Appeal, are not on file.]

HOLLINSHEAD & BECKER, Counsel for Appellant.

EMMETT & Moss, Counsel for Respondent.

The Supreme Court dismissed the Appeal, reserving the question of Costs for further argument.
[No Opinion filed.]