DAVIS, Respondent, v. SLAGLE, Appellant.

1. A petition, in an action for breach of promise of marriage, alleging that about a certain specified date, "the defendant—in consideration that the plaintiff, then being sole and unmarried, at the request of the defendant, faithfully promised to marry the defendant—did then and there undertake and faithfully promise to marry the plaintiff; that, confiding in the said promise and undertaking of said defendant, plaintiff has remained and continued and still is sole and unmarried, and has always been and still is ready and willing to marry the defendant; that though a reasonable time

has elapsed since said promise and undertaking for the defendant to marry plaintiff, and although requested so to do, he has wholly neglected and refused, and still does neglect and refuse," &c., is good after verdict on motion in arrest of judgment.

2. Where a defendant, in an action for breach of promise of marriage, attempts in his answer to justify his noncompliance with his contract by charging that the character of the plaintiff for virtue is bad, the fact that this imputation is unwarrantably made is a circumstance that aggravates the damages; and the jury may take the same into consideration in estimating the damages.

*Appeal from Livingston Circuit Court.*

The following are the instructions referred to in the opinion of the court: "1. That if the jury believe from the evidence that plaintiff and defendant contracted to marry each other and that defendant failed and refused to marry plaintiff, they must find for the plaintiff. 2. That the pleadings in this case admit that defendant refused and failed to marry plaintiff. 3. That in this case if the jury believe there was a contract between plaintiff and defendant to intermarry, they must find for plaintiff. 5. That in assessing the damages the jury are not limited to the mere pecuniary damage which the plaintiff may have sustained, but may take into consideration the injury to her feelings, character and reputation, and may in this case find for the plaintiff such amount, not exceeding five thousand dollars, as they may believe from the facts and circumstances the case requires."

*Harris*, for appellant.

I. The petition does not state facts sufficient to constitute a cause of action. An offer to perform the contract must be averred. That plaintiff was ready and willing and requested defendant to marry her, is not sufficient. (2 Bibb, 341; 13 B. Mon. 465; 2 Saund. on Plead. & Ev. 348; Green v. Spencer, 3 Mo. ——.) The failure to aver and offer by plaintiff and an appointment of time and place is not cured by the verdict, but may be taken advantage of by motion in arrest, or an error or appeal. (Fible v. Caplinger, 13 B. Mon.

485; Mooney v. Kennett, 19 Mo. ——; 7 Barb. 581; 19 Barb. 186; 3 Seld. 464; 4 How. 155.) The first, second and third instructions are erroneous. The fifth instruction is erroneous. Injury to character is not a subject of damages in an action for breach of promise of marriage. Character is not involved in such an action. (Leckey v. Blosey, 24 Penn. 401.) If such damages can be recovered under any circumstances, it could only be when they are specially charged in the petition. (Bedell v. Powell, 13 Barr, 183.)

*Davis*, for respondent.

I. The character of the plaintiff was directly in issue on the trial. The instructions to take into consideration her character and reputation were properly given. (1 Greenl. Ev. § 54; 1 Cow. & Hill's notes, 456; Chitty on Contr. 475; 6 Cow. 254; 13 Mo. 16.)

RICHARDSON, Judge, delivered the opinion of the court.

This was an action to recover damages for a breach of promise of marriage. The petition averred that about the 15th December, 1857, "the defendant, in consideration that the plaintiff, then being sole and unmarried, at the request of the defendant, faithfully promised to marry the defendant, did then and there undertake and faithfully promise to marry the plaintiff; that, confiding in the said promise and undertaking of said defendant, plaintiff has remained and continued and still is sole and unmarried, and has always been and still is ready and willing to marry the defendant; that, though a reasonable time has elapsed since said promise and undertaking for the defendant to marry plaintiff, and although requested so to do, he has wholly neglected and refused and still does neglect and refuse," &c. There was no demurrer, and the first question arises as to the sufficiency of the petition on the motion in arrest of judgment.

It is objected that the petition is fatally defective in omitting the averment of a special request or an offer by the

plaintiff to perform the contract on her part. It is a general rule that in contracts requiring mutual and concurrent acts to be performed at the same time, neither party can maintain an action against the other without showing that he has performed or offered to perform his part of the agreement; but in actions of this kind a declaration like the one in this case has been held after verdict to be good. In Seymour v. Gartside, 2 Dow. & Ry. 55, the declaration was substantially like this petition, which averred "that plaintiff, confiding in the promise, had always remained unmarried, and was still ready and willing to marry the defendant; and that although a reasonable time for the defendant to marry the plaintiff had elapsed, yet the defendant, not regarding his promise, did not nor would within such reasonable time marry the plaintiff, but had hitherto wholly neglected and refused so to do." It was held by the court of king's bench that the declaration after verdict was sufficient, without averring that the defendant had any notice of the plaintiff's readiness, or averring any request made to the defendant to marry the plaintiff, or any averment of a special refusal. (2 Saund. Pl. & Ev. 347.)

There was no error in giving the first, second and third instructions, because it was admitted in the answer that the defendant had refused to marry the plaintiff, and the allegation in the petition that a reasonable time had elapsed for the defendant to marry the plaintiff was not denied in the answer.

The defendant attempted in his answer to excuse his abandonment of the plaintiff by stating on the record that her character for virtue was bad. The plaintiff was allowed without objection to repel by proof this assault on her reputation, and as the defendant entirely failed to show any thing against it, the imputation on her virtue, deliberately made and sworn to, was a circumstance that aggravated the damages. (Southard v. Rexford, 6 Cow. 254.) A nominal verdict would have endorsed the slander and ruined her reputa-

tion, and the jury under the circumstances of this case were properly told in the fifth instruction to take into consideration, in estimating the damages, the injury to the plaintiff's character. With the concurrence of Judge Scott, the judgment will be affirmed. Judge Napton absent.