Morton vs. Pearman.

The court, after argument, refused the motion for a new trial, and counsel for complainant excepted.

JUNIUS WINGFIELD, for plaintiff in error.

W. McKINLY, and HUDSON, *contra.*

---

## MORTON vs. PEARMAN.

By the act of 1857, "authorizing attachments to issue in cases sounding in damages," attachment lies on the demand for a breach of a promise of marriage.

Attachment, in Jones Superior Court. Decision by Judge HARDEMAN, April Term, 1859.

This was an attachment sued out by Sarah J. Pearman against Ezra D. Morton, to recover damages for the breach

of a marriage contract. The damages were laid at five thousand dollars, and the attachment predicated upon the ground that defendant "*absconds.*"

At the term of the court to which the attachment was returnable, defendant moved to dismiss the same, on the ground that an attachment would not lie for the recovery of damages for the breach of a marriage contract.

The court overruled the motion, holding that an action by attachment was maintainable in such case, to which decision counsel for Morton excepted.

RUTHERFORD & HILL, for plaintiff in error.

DAVIS & LAWSON, and ISAAC HARDEMAN, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

Was the court below right in overruling the motion to dismiss the attachment? We think so.

The ground of the motion was, that attachment does not lie in a case for the breach of a promise of marriage. The validity of the ground depends on the import of the expression, "money demands," contained in the act of 1857, authorizing attachments to issue "in cases sounding in damages" (acts of 1857, 23). That act is in the following words: "That from and after the passage of this act, in all cases of money demands, whether arising *ex contractu* or *ex delicto*, plaintiffs shall have the right to sue out attachments when defendant shall have placed himself in such situation as will authorize plaintiffs to sue out attachment, upon the plaintiffs complying with the statutes, now in force, in relation to issuing attachments."

Is the demand arising from the breach of a promise of marriage, a "money demand?" We think it is. It is a demand for money, and not a demand for anything else. It is not a demand for specific performance.. Neither

Morton vs. Pearman.

party to such a promise has the right to a decree for the specific performance of the promise. True, the *amount* of the demand is uncertain, is unliquidated, but that does not prevent it from being a demand for money.

Being a money demand, then, it is within the *words* of the statute.

Is it not, also, within the *reason* of the statute? We think it is. The old law provided for all cases of certain— of liquidated money demands. Therefore, the object of the new law must have been provision for uncertain, unliquidated, money demands. To say otherwise, is to say that the legislature intended, by the statute, what was unnecessary and useless.

There was not, then, we think, any validity in the ground of objection to the attachment.

Judgment affirmed.

NOTE.—This was the last Court at which Judge McDonald presided. He resigned before the meeting of the court at Athens, on the 4th Monday in May, and Linton Stephens, Esq., of Sparta, was appointed by the Governor to fill the vacancy.