WILLIAM F. DAVIDSON, Appellant, *vs.* ELIAS A. OWENS, ET AL., Respondents.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

An order vacating a writ of attachment, falls within the meaning of the amendment (*Laws of 1856, page* 12, *Sec.* 11,) providing for an appeal from an order "granting or refusing a provisional remedy," and as such is appealable.

The Statutes of this State extend the remedy by attachment in the District Courts, to all actions for the recovery of money, whether sounding in tort or contract; and the question of liquidated and unliquidated damages can have no application upon the question of jurisdiction upon a motion to vacate the writ.

Upon a motion to vacate a writ of attachment, it was urged "that the matters set up in the affidavit for the attachment, had already been adjudicated and determined in favor of the Defendants by the District Court of the United States, for this State." *Held,* That if this refers to the cause of action set up in the complaint, it may be a defence to the action, but the question cannot be tried upon a motion to vacate the writ.

Upon the same motion, it was urged that the property attached was not the subject of attachment. If the writ has been properly issued, it cannot be vitiated by any irregularity of the officer in executing it. The taking of property not subject to attachment affords no ground for vacating the writ.

Statement of case :

Appeal from an order vacating and setting aside an attachment.

At the last term of this Court, the appeal was dismissed, on the ground that the old Supreme Court had decided the question. The Appellant now moves for a re-argument.

Points and authorities of Appellant :

The case on which the Court relied is that of *Humphrey vs. Hezlep,* 1*st Minn.* 239. It was decided on the old Statute in relation to appeals, *Rev. S., p.* 414, and three months before the passage of the law of 1856, under which the appeal in this case was taken. *Laws of* 1856, *p.* 12, *Sec.* 11, providing for an appeal from an order "granting or refusing a provisional remedy."

This is, in effect, an order refusing a provisional remedy.

Otherwise the right of appeal must be limited to the *ex-parte* order by both Plaintiff and Defendant. A Defendant would have to appeal from the *ex-parte* order granting the remedy, and the only right of a Plaintiff would be to appeal from a

9

refusal of the Judge or Court Commissioner to grant the writ *ex-parte*.

The practice and the Statutes, however, both point out the remedy, as against an *ex-parte* writ, to be on the part of the Defendant to move before the Court below to vacate, and on the part of the Plaintiff if the Court refuses his *ex-parte* application; he then makes his application on notice to the Defendant, and from the order refusing such an application he may appeal.

As a matter of practice, writs are almost always granted on *ex-parte* application, and the question as to its propriety is first really raised on the motion to vacate. The Court then for the first time, really, grants or· refuses to the party this writ. There may be many cases where the granting or refusing would be a matter of discretion with which an appellate Court would not interfere; but that is a different question from the one as to whether an appeal will lie.

Then the case should be considered on its merits.

ALLIS & PECKHAM, Counsel for Appellants.

SANBORN & LUND, Counsel for Respondents.

*By the Court—*EMMETT, C. J.—At the last July term, the Respondents moved to dismiss the appeal in this case, on the ground that an order vacating a writ of attachment was not an appealable order; and on the authority of the case of *Humphrey vs. Hezlep*, 1 *Minn. Rep.* 239, the appeal was dismissed. The Appellant now moves for a re-hearing, and brings to our notice an amendment to the Statute concerning appeals to this Court, passed in 1856, which has escaped the vigilance of counsel as well as of the Court. This amendment expressly provides for an appeal from " an order granting or refusing a provisional remedy ;" and, although an order *vacating* a writ of attachment already allowed, may not be within the strict letter of this amendment, yet, in our opinion, it is clearly within the intent and spirit. The allowance of the writ is generally upon an *ex-parte* application. If improperly allowed, the law. provides for vacating it upon motion. Upon the hear-

ing of this motion, the Judge inquires into the truth and suffi-
ciency of the grounds alleged, and his decision thereon, grant-
ing or refusing the motion, is equivalent to the refusing or
granting of the writ, and may be said to be the first decision
upon the question which has really been made by the Court.

We are of opinion that the order appealed from is an appeal-
able order, under the amendment referred to, and that the
motion to dismiss the appeal was improvidently granted.

The action in which this attachment issued, was brought by
the Appellant to recover damages for certain injuries and de-
lays alleged to have been caused by the unskillfulness and
neglect of the Respondents, in piloting the steamboat " Favor-
ite," from the port of Saint Louis, in Missouri, to the port of
Saint Paul, in this State. The Plaintiff having obtained an
attachment against the property of the Defendants, on the
ground that they were not residents of the State, the Defen-
dants afterwards moved to vacate the writ on the grounds,
1st, That the action was for unliquidated damages.    2d, That the
matters set up in the affidavit for the attachment had already
been adjudicated and determined in favor of the Defendants
by the District Court of the United States for this State.    3d,
That the property attached is not the subject of attachment.
The District Judge vacated the writ, and the Plaintiff appealed
to this Court.

The first ground of objection to the allowance of an attach-
ment in this case would be fatal in most of the States of the
Union.    The proceeding by writ of attachment is in its nature
anomalous, and being unknown to the common law, has never
been particularly favored by the Courts.    It appears to have
been derived from a custom of the City of London, but has
been materially varied and the *remedy* enlarged as adopted in
this country.    As it is a mere statutory remedy, it varies, of
course, with the legislation of the different States.    In some,
it can be issued only upon a debt ; in others, it extends to un-
liquidated damages arising from a breach of contract, if the
contract affords a rule by which the damages can be ascer-
tained ; and in others, it would seem to apply to all actions *ex
contractu.*    The tendency of modern legislation has been to
enlarge this remedy.    And, in proportion as the debtor's per-

son and property has been relieved from the rigorous harshness of the common law, the grounds for which his property may be attached have been multiplied, and the list of causes of action for which an attachment will lie, has been extended. *Drake on Attachment, Chap.* 1, *Sec.* 2, *et seq.* No State, however, has gone to such an extent as ours ; for, while other States confine the writ to actions for debt, or, at most, to actions *ex contractu*, Minnesota has overstepped the bounds of precedent, if not, indeed, of prudence, and allows it to issue upon the proper showing, in all actions for the recovery of money commenced in the District Court, without even making a distinction between actions in tort and those arising out of contract. *Com. Stat., p.* 550, *Sections* 142 *and* 144.

In actions before a Justice of the Peace, no one but a *creditor* is entitled to the writ, and he must state in the affidavit that the defendant is *indebted* to him in a specified amount, and that the same is due upon *contract expressed or implied*, or upon the judgment or decree of some Court. *Com. Stat., p.* 513, *Sec.* 106–7. This is according to the usual practice in other States. And it was urged on the argument that the particular language of this Statute should govern and control the general language of the Statute concerning attachments in the District Court, and that the Legislature could not be presumed to have intended to lay down a different rule in the one case from the other.

It will be observed, however, that there is a material difference in many respects. In the District Court, the attachment is a proceeding *in* an action, while in a Justice's Court, the attachment is the commencement of an action. In the former, the Plaintiff must give bond before an attachment will issue; in the latter, the Plaintiff may have the property attached without a bond, and the Defendant must himself give bond, in order to regain possession of the property. The grounds, also, for which an attachment may be issued, and the matters to be stated, are different, and it is not at all strange that the causes of action to which the remedy extends should also differ. We are of opinion that the Legislature intended to extend the remedy by attachment in the District Court to all actions for the recovery of money, whether sounding in tort or contract,

and therefore that the distinction between liquidated and un-liquidated damages can have no application upon the question of jurisdiction in this case.

The second objection made by the Defendants, if it refers to the cause of action set up in the complaint, would, if well pleaded and sustained by proof, be a good defense to the action; but we cannot see how the question can be tried upon a motion to vacate the warrant of attachment. The defence, if it exists, should be interposed by answer, and disposed of when the action is brought to trial. If, however, the objection refers to the matter set forth in the affidavit as the ground for an attachment, *i. e.*, the non-residence of the Defendants, then the decision of the Judge on the motion to vacate may be said to have determined the fact against the Defendants, and we see nothing in the proof to justify us in reversing that decision.

The last objection urged, that the property attached is not the subject of attachment, cannot, if true, avail the Defendants in this proceeding. The question here is as to the validity of the warrant of attachment. And if the warrant has been properly issued, it cannot be vitiated by any irregularity of the officer in executing it. The writ may be no defense to the officer for taking property not subject to attachment, but the taking of such property affords no ground for vacating the writ.

The order vacating the writ of attachment is reversed.