## CAROLINE C. GRANT *vs.* JOSEPH M. WILLEY.

In an action for breach of a promise of marriage, if the judge, in charging the jury, advises them, without omission or indistinctness, of all the elements proper for their consideration in assessing damages if they shall find for the plaintiff, his refusal to give greater prominence to a particular part of the case by adding a special instruction, at the request of the defendant, that they are to consider the pecuniary means of both parties, (of which evidence has been given,) affords no ground of exception.

In assessing damages in an action for breach of a promise of marriage, the length of time during which the engagement subsisted is an element for the consideration of the jury.

On the trial of an action for breach of a promise of marriage, in which the only affirmative defence relied on is, that the contract was broken by mutual consent, the defendant has no ground of exception if the judge refuses to instruct the jury that they are the judges of what facts constitute a good and sufficient cause for a party's not fulfilling a promise to marry.

CONTRACT for breach of a promise of marriage. Trial in the superior court, before *Devens,* J., who allowed the following bill of exceptions :

" It was admitted on the trial, that an engagement to marry each other existed between the parties for several years, and that this engagement was broken off in 1866, because, as the defendant alleged, of differences between the parties thereto on worldly and religious matters, and by mutual consent, all which was denied by the plaintiff, who alleged that the defendant deserted her without her consent, and without any just cause.

" Evidence was introduced tending to show what amount of property was owned by the defendant at or about the time of the alleged breach of promise, and also tending to show of what amount of money the plaintiff was possessed at or about the same time. After the conclusion of the charge, the defendant requested the judge to instruct the jury as follows : ' In a suit for breach of promise to marry, the pecuniary ability or means of both parties are to be considered as elements in ascertaining the amount of damage, if any is found.' The judge, who had previously instructed the jury that, in determining the matter of damages, they were to consider the situation of both parties, the length of time the engagement had continued, the mode in which the same was broken, and that they had a right

to consider what would be the money value or worldly advan-
tages, separate from considerations of sentiment and affection,
of a marriage with the defendant, declined to instruct further on
this point.

" The defendant also requested the judge to instruct the jury
as follows : ' In a suit for breach of promise to marry, the length
of time the engagement or promise to marry existed is not an
element of damage for a breach of such promise.' This instruc-
tion the judge declined to give as requested, and replied : ' I
cannot consent to instruct the jury that where a contract of
marriage is suddenly broken off after a short engagement the
damage should be as great as if broken off after an engagement
for years. The length of time that an engagement has contin-
ued is, I think, proper to be considered by the jury, especially in
connection with the question whether or not the plaintiff had
become attached to the defendant so that her affections have
been wounded and injured, and whether or not she has suffered
mortification and distress by reason of the defendant's refusing
to fulfil his promise.'

" The defendant further requested an instruction that, ' in a
suit for breach of promise to marry, the jury are the judges of
what facts constitute a good and sufficient cause for a party's
not fulfilling a promise to marry ; ' which the judge declined to
give."

The jury found for the plaintiff, with damages in the sum of
$1500 ; and the defendant alleged exceptions.

*S. B. Allen & J. D. Long*, for the defendant.

*G. A. Somerby*, for the plaintiff.

AMES, J. It appears from the report of the case, that evidence
was admitted at the trial tending (among other things) to show
the pecuniary ability or means of the parties ; and also that the
judge, in his charge to the jury, instructed them that in deter-
mining the matter of damages they were to consider the situa-
tion of both parties, the length of time the engagement had
lasted, and the mode in which it was broken off. At the close
of the charge, the defendant's counsel requested him to add to
what had already been said to the jury, the further proposition,

" that the pecuniary means or abilities of both parties were to be considered as elements in ascertaining the amount of damages." There is nothing in the bill of exceptions indicating that there had been a complaint, or cause of complaint, of any omission or indistinctness in the charge that had been given, and the apparent result of the proposed instruction would have been merely to give greater prominence to that particular part of the case. There was no necessity for doing so, so far as we can judge from the report; and apparently the judge might very reasonably, in the exercise of his discretion, refuse to instruct further on this point.

The court was also right, in our opinion, in refusing to rule, as requested by the defendant, that " the length of time the engagement had subsisted was not an element of damage for a breach of the engagement." It was clearly a circumstance proper to be taken into consideration. It might be very material in its effect on the plaintiff's condition and prospects, and might under some circumstances be a decided aggravation of her injury.

So far as any affirmative defence was urged at the trial, it appears to have been wholly upon the ground that the engagement was broken off by mutual consent. In that position of the case, there was no occasion for the ruling (if it would have been proper under any circumstances) that the jury are the judges of what facts constitute a good and sufficient cause for not fulfilling a promise to marry.

The instructions actually given upon the subject of damages appear to have been in exact conformity to the well settled and long established rule in cases of this description. The action in form is an action of contract; but the plaintiff, if she proved her case, was entitled to recover not merely an indemnity for her pecuniary loss and the disappointment of her reasonable expectations of material and worldly advantages resulting from the intended marriage, but also a compensation for wounded feelings and the mortification and pain which she had wrongfully been made to undergo, and for the harm that had been done to her prospects in life. Few, if any, of these elements of damage

admit of precise arithmetical computation, or can be accurately measured by a pecuniary standard. From the nature of the case, they are peculiarly within the province of the jury, who are to form their judgment in the light of all the circumstances, whether of aggravation or extenuation, that properly belong to the case. We find no reason for interfering to disturb the verdict. *Wightman* v. *Coates*, 15 Mass. 1. *Harrison* v. *Swift*, 13 Allen, 144. *Exceptions overruled.*