Nov. Term, 1850.

KING
v
KERSEY.

*Per Curiam.*—The judgment is affirmed.

*J. P. Usher*, for the plaintiff.

*C. W. Barbour*, for the defendant.

## KING v. KERSEY.

In an action for breach of marriage promise, it is not necessary to aver a request to marry, on the part of the plaintiff, where the declaration avers that the defendant had married another.

On the trial in this case, the defendant gave evidence of the bad characters of two of the plaintiff's witnesses. *Held*, that the plaintiff might be permitted, in her rebutting evidence as to the characters of said witnesses, to prove that they were good before this suit was commenced.

The plaintiff will be permitted to prove her conduct and apparent distress on hearing of the marriage of the defendant to another; and declarations made by her to members of her family while she was receiving the plaintiff's visits, and before any estrangement, will be admitted, all to show a promise of marriage on her part.

To sustain this action, there must be a mutual promise of marriage between the parties.

The plaintiff will be permitted to prove seduction to enhance the damages.

Friday, December 6.

ERROR to the *Decatur* Circuit Court.

PERKINS, J.—Case for breach of marriage promise. The declaration was demurred to because it did not aver a request to marry on the part of the plaintiff. The demurrer was overruled. This was right. The declaration averred that the defendant had married another. Hence no averment of a request to marry the plaintiff was necessary. 1 Swa. Pr. 300, note.

The general issue was filed. At a subsequent term a continuance was moved for by the defendant upon an affidavit that he could, by an absent witness, impeach the plaintiff's character for chastity. Evidence for that pur-

pose might have been legitimate on the trial of the cause —Chit. on Cont. 538–9—but the affidavit was so manifestly defective that the Court did not err in refusing the continuance.

The cause was tried by a jury, and the plaintiff recovered 300 dollars.

On the trial the defendant gave evidence of the bad characters of two of plaintiff's witnesses, the evidence showing that their characters had become bad since the commencement of the suit. The Court then permitted the plaintiff, in her rebutting evidence as to the characters of said witnesses, to prove that they were good before this suit was commenced. We see no error in this. It proved no more than was inferrable from the defendant's own evidence. And, perhaps, the defendant had himself put the reports, prejudicial to those witnesses' reputation, into circulation. At all events, we do not see what harm such proof could do him, unless it tended to show that he was the author of those reports.

In the progress of the cause, the plaintiff was permitted to prove her conduct and apparent distress on hearing of the marriage of the defendant to another; and, also, her declarations, made to her sister during the summer previous to her hearing of the defendant's said marriage, and while he was paying his addresses to her, that she was engaged to be married to him.

To sustain this action, it was incumbent on the plaintiff to show that there was a mutual promise of marriage between her and the defendant. As tending to show a promise on her part, not upon his, the above evidence was admitted. There is no doubt about the admissibility of any part of it, except her declarations. Chit. on Cont. 536–7.—2 Stark. Ev. 706. As to them we have had doubts; but have concluded that said declarations, made while she was receiving the visits of the defendant, and before any estrangement had commenced, to members of her family, were admissible, for the purpose above mentioned, as part of the *resgestæ*, explanatory of her conduct and intention in receiving those visits, whether with

a view to marriage or from mere politeness, and thus tending to show a promise on her part of marriage. In *Peppinger* v. *Lowe*, 1 Halstead, 384, it was expressly decided that proof of such declarations was admissible; see note to Starkie, *ubi supra;* and we think that case strongly supported by the analogy in principle of *Elkins* v. *Hamilton et al.*, 20 Vt. Rep. 627.

The Court instructed the jury that the plaintiff might prove seduction to enhance the damages. It was so held in *Whalen* v. *Layman*, 2 Blackf. 194.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey*, for the plaintiff.

*J. Robinson*, for the defendant.