[No. 3,380.]

## CLARINDA POWERS *v.* JOHN WHEATLEY.

INSTRUCTIONS IN ACTION FOR BREACH OF PROMISE OF MARRIAGE.— Where, in an action for breach of promise of marriage, the defendant does not, either in his answer or by his testimony, attack the chastity of the plaintiff, it is error for the Court to instruct the jury that "if the defendant has undertaken to rest his defense, in whole or in part, on the bad character or improper conduct of the plaintiff, and failed in his proof, the jury may consider this as an aggravation of damages."

BREACH OF PROMISE OF MARRIAGE.—In an action for breach of promise of marriage, the interposition of a defense that the character of the plaintiff is unchaste, even if unsuccessful, ought not, *per se*, to aggravate the damages, unless it is interposed in bad faith, from malice, wantonness, or recklessness.

APPEAL from the District Court of the Ninth Judicial District, County of Shasta.

The plaintiff sued for damages for an alleged breach of promise of marriage, and had judgment for two thousand seven hundred and fifty dollars. The defendant moved for a new trial; the motion was denied and he appealed.

The other facts are stated in the opinion.

*John S. Follansbee* and *E. & C. A. Garter*, for Appellant.

In order to aggravate damages by the plea of unchastity, or, as the Court says, of improper conduct or bad character,

it must appear that it has been set up wantonly or without
reasonable expectation of sustaining it. (*Southard* v. *Rexford*, 6 Cowen, 254; 21 Ill., 308.)

*Beatty & Denson*, for Respondent.

A plea by defendant of bad character on the part of the
plaintiff is adding insult to injury, and should be punished.
(Sedgwick on the Measure of Damages, 369; *Southard* v.
*Rexford*, 6 Cowen, 254; 30 N. Y. 285; 3 Mo. 225, 323.)

By the Court:

This is an action brought by the plaintiff to recover
damages for an alleged breach of promise of marriage.

Upon the trial the Court instructed the jury as follows:
" The damages are peculiarly within the power of the jury
in cases of this kind; and if the defendant has undertaken
to rest his defense, in whole or in part, on the bad character
or improper conduct of the plaintiff, and failed in his proof,
the jury may consider this an aggravation of damages."

None of the defenses interposed in the answer of the de-
fendant set up want of chastity, or any conduct on the part
of the plaintiff unbecoming a chaste and virtuous woman.
It is true that one of the defenses is, that pending the en-
gagement—for the breach of which the action is brought,
and before the alleged breach on the part of the defendant—
the plaintiff had engaged herself to marry another person.
While this was attempted to be shown as a fact, which, it is
claimed, released the defendant from his antecedent promise
to marry the plaintiff, there is nothing which fairly imports
an assault by the defendant upon her character for chastity.
And we have seen nothing in the evidence adduced by the
defendant amounting to an attempt in that direction.

Under this state of pleadings and evidence this instruc-
tion was not justified. It set prominently before the minds

of the jury an element which was really non-existent in the case, and left them at liberty to make it an ingredient in the assessment of the damages. But were this otherwise, it is not a correct proposition of law, that a defense of the character mentioned, even if unsuccessfully attempted, ought *per se* to aggravate the damages. There ought to be something showing, or tending to show, that in interposing such a defense the defendant was actuated by malice, or wantonness, or recklessness, and so, that it was not interposed in good faith. Otherwise the defendant might be punished for even a bona fide effort to defend himself upon a ground, which, if true, constituted a good defense, and this merely because he had in point of fact failed to establish it. The case which probably goes farthest upon this point in favor of the plaintiff is that of *Southard* v. *Rexford*, 6 Cowen, 254, where the jury were instructed " that where the defendant attempts to justify his breach of promise of marriage by stating upon the record as the cause of his desertion of the plaintiff that she had repeatedly had criminal intercourse with various persons, and *fails entirely* in proving it, this is a circumstance which ought to aggravate the damages." But the circumstances of that case were that the defense of unchastity had not only been spread upon the record, but *it appeared from the testimony of the defendant's own witnesses* that the plaintiff's character for chastity had not been tarnished *even by the breath of suspicion.* The jury were told in that case that if the defendant had " spread the defense upon the record *for the purpose of destroying her character,"* they would be justified in giving exemplary damages. In *Clark* v. *Reese*, too (35 Cal. 89), the defendant set up a similar defense in pleading, and the instruction given by the Court (which was sustained here), was in substantial accord with the rule laid down in the case of *Southard* v. *Rexford*.

But there is an entire want of similarity between the cir-

cumstances of those cases and the circumstances of this in the respect referred to.

Judgment reversed and cause remanded for a new trial.