Cates *v.* McKinney.

---

CATES *v.* McKINNEY.

PLEADING.—*Marriage Contract.—Breach of.—Complaint.*—In an action for breach of a marriage contract, the complaint must allege that the promise was mutual; and the allegation that "the defendant entered into a contract with her, * * by which it was agreed by and between them both that they would get married,"etc., though not in the usual form, is sufficient.

SAME.—*Parties.—Names of.*—Where the names of the plaintiff and defendant were given in full in the caption and commencement of the complaint, but in a paragraph of the complaint the plaintiff was identified as "she" and "her," without reference to the caption;
*Held,* that the parties were sufficiently referred to and identified.

EVIDENCE.—*Marriage Contract.—Action for Breach of.—Damages.—Seduction.*—Evidence of seduction in an action for breach of a marriage contract, where the complaint contains no allegation of seduction, is inadmissible to enhance the damages.

SAME.—*Declarations and Distress of Plaintiff.*—In an action for breach of a marriage contract, evidence of the declarations made by the plaintiff, while receiving the defendant's visits, and the distress manifested by the plaintiff on hearing of the defendant's intention not to marry her, in the absence of the defendant, are inadmissible to show the existence of the contract on the part of the defendant, and are also inadmissible to prove a promise on the part of the plaintiff, when made and manifested to persons in no way related to or interested in the plaintiff.

SAME.—In an action for breach of a marriage contract, declarations or acts of the plaintiff so equivocal that they might mean one thing as well as another should not be allowed to go to the jury as tending to show a promise.

From the Fountain Circuit Court.

*T. F. Davidson,* for appellant.

*J. McCabe,* for appellee.

Cates *v.* McKinney.

DOWNEY, J.—This was an action by the appellee against the appellant, for breach of marriage contract. The complaint consisted of three paragraphs, the second of which was withdrawn, and no question is made upon it. The first paragraph is as follows:

"The plaintiff complains of the defendant, and says that said defendant entered into a contract with her, in the month of June, 1867, by which it was agreed by and between them both that they would get married in the month of September following; and she avers that she made all necessary arrangements and preparations to consummate said contract, and was ready and willing at the time fixed aforesaid to fulfil the same; but she avers that said defendant wholly failed to fulfil his said contract, to the great distress, mortification, and disgrace of plaintiff; wherefore she demands judgment for five thousand dollars."

The third paragraph of complaint was as follows:

"And for a third paragraph of complaint, she says that in the month of June, 1867, the defendant agreed to marry her within a reasonable time thereafter, in consideration of her promise to marry him, and that in September following she made all necessary preparations to fulfil said contract; but she says said defendant wholly failed and refused to carry out said agreement, or to fulfil it at any time, though the plaintiff was ready and willing at all times to fulfil the same, to her great mortification and damage; wherefore she demands five thousand dollars, costs, and other proper relief."

The answer of the defendant was a general denial. The issue was tried by a jury, and there was a verdict for the plaintiff for two thousand dollars. A motion by the defendant for a new trial was made and overruled, and final judgment was rendered for the plaintiff for the amount of the verdict.

It is alleged in the assignment of errors, that the first and third paragraphs of the complaint are insufficient, and that the court erred in overruling the motion of the defendant for a new trial.

It is urged that the first paragraph of the complaint is insufficient, for the reason that it " does not aver a promise to marry each other." In cases of this kind, where the promise of one of the parties is the consideration for the promise of the other, it should appear that the promises were mutual. *King* v. *Kersey*, 2 Ind. 402. We think that this sufficiently appears in the first paragraph, although the fact is not averred in the usual form. It is alleged, that " the defendant entered into a contract with her, *   * by which it was agreed by and between them both that they would get married," etc. The objection made to the third paragraph of the complaint is, that it does not identify in any way the parties; that it does not say who is referred to as " she" and " her"; that there is not any reference to the caption, and it can not be told who is meant by a reference to the preceding paragraph, as each paragraph must be good as an independent pleading. The names of the parties are given at the commencement of the complaint, and the third paragraph must be held to refer to the parties as there mentioned. The objection can not be sustained.

Several reasons were stated in the motion for a new trial, and among them, that the court had erred in admitting evidence of seduction, to enhance the damages. The plaintiff, under this permission, testified that the defendant, at a designated time, seduced her, and that sexual intercourse between them took place frequently, for a period of six months or more. All of which was denied by the defendant in his testimony. In *King* v. *Kersey*, *supra*, it was decided that in an action for breach of marriage contract the plaintiff might prove seduction, to enhance the damages. This was so held on the authority of *Whalen* v. *Layman*, 2 Blackf. 191. In that case the ruling was on the authority of 2 Stark. Ev. 942, n. 1, *Paul* v. *Frazier*, 3 Mass. 71, and *Boynton* v. *Kellogg*, 3 Mass. 189; and *Burks* v. *Shain*, 2 Bibb, 341, was cited as holding the contrary. The case of *Paul* v. *Frazier*, 3 Mass. 71, was an action on the case for seduction, and would not seem to support the rule

allowing evidence of seduction, when the action was for a breach of the marriage contract alone. The case of *Boynton* v. *Kellogg* was for a breach of marriage contract and seduction, and is not, therefore, a case in point. The note to Starkie refers to the two Massachusetts cases, and to *Conn* v. *Wilson*, 2 Tenn. 233, which last named case, in terms, relies exclusively on the two Massachusetts cases. In the cases in 2 Blackf. and 2 Ind., it does not appear whether the declaration alleged seduction or not. *Goodall* v. *Thurman*, 1 Head, 209, follows the case of *Conn* v. *Wilson*, 2 Tenn. 233. *Matthews* v. *Cribbett*, 11 Ohio St. 330, without citing any authorities, follows the same rule. In Pennsylvania, the rule is the same as in Kentucky. *Baldy* v. *Stratton*, 11 Penn. St. 316; *Weaver* v. *Bachert*, 2 Penn. St. 80.

When the cases in this court were decided, a woman could not prosecute an action for her own seduction. Now, by the civil code, she can maintain such action. 2 G. & H. 55, sec. 24. If, in an action for a breach of marriage contract, she can receive damages for seduction also, without alleging it, she can, contrary to all rules of correct pleading, evidence, and practice, sue upon one cause of action and give in evidence and recover upon two. And if she can unite them in the same complaint or paragraph, she can unite a cause of action upon contract with another founded upon a tort. In 2 Parsons on Contracts, 70, it is said :

" Whether in an action to recover damages for the breach of a promise of marriage, damages for seduction may be recovered, has been much questioned. By the strict rules of law, they should, we think, be excluded, where the plaintiff was in actual or constructive service, or lived in a state in which the statute law gave her an action for the seduction, and not otherwise; and the weight of authority seems to be so."

If this is good law, then, as our statute authorizes the woman to prosecute an action for her seduction, in her own name, it would follow that she could not recover damages for seduction in an action for breach of marriage contract. But we need not decide, in this case, whether seduction can or can

not be alleged and proved in a suit for breach of marriage contract. All that we need decide, and all that we do decide, is, that under a complaint, in such case, which contains no allegation of seduction, evidence of that fact can not be admitted to enhance the damages. See *Lindley* v. *Dempsey,* 45 Ind. 246.

The court gave this instruction, the giving of which is one of the grounds of the motion for a new trial:

"This is an action brought by the plaintiff, Rebecca McKinney, against the defendant, David Cates, for damages for alleged breach of marriage contract. The defendant puts in no defence except the general denial. The defendant's answer having denied the existence of such a contract, the evidence must establish the contract by a preponderance before the jury can find for the plaintiff. In determining whether there was a contract of marriage between the parties, the jury may consider any evidence tending to show the addresses and attentions of the defendant, waiting upon her, keeping her company in public and private as a suitor, her declarations while receiving his visits, and her distress on hearing the defendant's intentions not to marry her."

In our opinion, the last sentence of this instruction was well calculated to mislead, and probably did mislead, the jury. We allude particularly to that part of it relating to the declarations, etc., of the plaintiff made in the absence of the defendant. It is clearly to be understood, from the part of the instruction to which we allude, that the declarations and expressions of grief of the plaintiff, if shown by the evidence, were to be regarded as evidence, in her favor, of the existence of the contract declared upon.

This, we think, is not the law. In any other kind of case the declarations of a party in his own favor, made in the absence of his adversary, are not receivable as evidence for him unless part of the transaction in question, the *res gestæ.* Such, also, appears to be the ground on which such declarations, in this kind of case, have been recognized as evidence by this court. *King* v. *Kersey, supra.* Such declarations and expressions of

grief, no matter how or when made, if in the absence of the defendant, can not establish the contract. The most they could prove is the fact that the plaintiff, as one of the parties to the contract, had agreed to or entered into the same. As was said in *King* v. *Kersey, supra,* they are admissible " as tending to show a promise on her part, not upon his." We are not inclined to sanction a construction which may fairly be construed as in violation of this rule. The court should have so framed or qualified the charge as to convey clearly to the jury the understanding that the declarations, etc., of the plaintiff could only be considered as evidence of a promise on her part. The court stated no other qualification than that the declarations, etc., must have been made " while receiving his visits." If they were then made, they might be considered " in determining whether there was a contract of marriage between the parties;" not whether she had assented or agreed to the contract, but whether there was a contract " between the parties." Moreover, it has not been held by this court, and we think should not be held, that such declarations, made in the absence of the defendant, to persons in no way related to or interested in the party making them, are admissible. In *King* v. *Kersey, supra,* the declaration admitted in evidence was made to a sister of the plaintiff. Whatever the circumstances may be which are relied upon to show a promise on the part of the plaintiff, they must be such as are sufficient to establish the fact of a promise on her part to marry the defendant. The engagement or contract must be mutual, in order to be binding on the part of either. There is no other consideration for the promise of one than the promise of the other. Hence the contract on the part of the plaintiff must be such, and must be so established, that the defendant could maintain an action thereon, in the event that the plaintiff had failed to perform it on her part. Declarations or acts of the plaintiff, which are so equivocal that they may mean one thing as well as another should not be allowed to go to the jury as tending to show a promise. *Weaver* v. *Bachert, supra.*

Other grounds for a new trial were relied upon, but they

need not to be considered. The new trial should have been granted for the reasons already stated.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

Petition for a rehearing overruled.