## HUNTER *v.* HATFIELD.

PROMISE OF MARRIAGE.—*Complaint for Breach.—Request of Performance.* —In an action for a breach of a mutual promise to marry, wherein the complaint avers the marriage of the defendant to another, it is not necessary to aver that the plaintiff had made a demand upon the defendant to fulfil his promise.

SAME.—*Readiness to Perform.—Supreme Court.—Pleading.—Practice.*—A complaint for a breach of a mutual promise to marry is good after verdict, against an assignment of error raising for the first time, in the Supreme Court, the question that it does not aver the continued readiness and willingness of the plaintiff to marry the defendant, from the time the contract was made until its alleged breach.

SAME.—*Immorality of Plaintiff.—Evidence.*—In support of an answer to a complaint for a breach of promise to marry, which alleged that the plaintiff is an unchaste and immoral woman, who had frequented assignation houses and practised prostitution, evidence of the fact that the plaintiff had lived with a certain woman, at a certain place, and at a time when said woman kept a house of assignation and prostitution, is competent.

SAME.—*Defences.—Instruction.—Damages.*—Under the code, the defendant may set forth, without prejudice, as many grounds of defence as he may choose ; and, upon the trial of an action for a breach of promise to marry. it is error to instruct the jury that, although the defendant has the right to place on file an answer affecting the character of the plaintiff for chastity and morality, he does so at his peril; and that, if the jury find the answer to be untrue, it is their duty to consider the charges so made against the plaintiff, so far as they affect her character, in aggravation of damages, and that they may assess exemplary damages for the wrong done plaintiff in placing upon record such charges against her character.

SAME.—*Pecuniary Condition of Defendant.*—The plaintiff, in an action for a breach of a promise of marriage, may show, by evidence, the pecuniary condition of the defendant, at the time of the alleged breach, to enhance the amount of damages.

Hunter v. Hatfield.

SUPREME COURT.—*Can not Presume Against Record.—Practice.*—The Supreme Court can not presume against the record. Every thing in it which is not shown to be wrong must be presumed to be right; and, when the record does not show that an objection to certain rejected evidence was not properly taken, the question of the rejection of such evidence is well presented

SAME.—*Appellant can not Suffer for Neglect of Appellee.*—The appellant can not suffer for the neglect of the appellee and the latter can not be heard to say, in the Supreme Court, that his objection, upon which evidence offered by the appellant was excluded, was not properly taken.

SAME.—*New Trial, Motion for.—Bill of Exceptions.*—The motion for a new trial, and the causes assigned therefor. become a part of the record without a bill of exceptions; though they may also be made a part of the record by a bill of exceptions; but it is not necessary that they should be presented by both methods, as either is sufficient.

From the Ripley Circuit Court.

*G. Durbin*, for appellant.

*E. P. Ferris* and *W. W. Spencer*, for appellee.

BIDDLE, J.—The complaint of the appellee, against the appellant, avers that the parties on the —— day of July, 1873, mutually agreed with each other to intermarry, which marriage contract was to be consummated on the 6th day of November, 1873; that the plaintiff remained unmarried, and still is unmarried, but that the defendant, on the 18th day of December, 1873, in breach of said marriage promise, married one Anna Beer, all of which is particularly averred, with time and place.

The appellant answered in two special paragraphs, admitting the promise, but that it was made under the belief that appellee was a moral, discreet and chaste woman, and averring that he afterwards ascertained the facts to be that she was an immoral, unchaste woman, who frequented assignation houses, and practised prostitution.

Separate demurrers for want of facts were overruled to each paragraph of the answer, and exceptions reserved. Reply in denial; trial by jury; verdict for plaintiff below

for one thousand dollars; judgment on the verdict, over a motion for a new trial and exception; appeal to this court, wherein several questions are presented and discussed by the parties.

1. The appellant assigns as error that the complaint does not state facts sufficient to constitute a cause of action.

The objections taken to the complaint are, that it does not aver a demand upon the appellant, by the appellee, to marry her, before suit brought; and that it does not aver a readiness and willingness on the part of the appellee to marry the appellant, from the time the contract was made until its alleged breach.

These points are not well taken. After the marriage of the defendant with another woman, a demand to marry the plaintiff became unnecessary; and the law does not require an unnecessary act to be done. The case of *King* v. *Kersey*, 2 Ind. 402, is in point. See, also, *Wilstach* v. *Hawkins*, 14 Ind. 541.

If it were necessary to aver the continued readiness and willingness of the plaintiff to marry the defendant, in the complaint, to withstand a demurrer—a point we do not decide—we think the complaint must be held good after the verdict, against an assigment of error, raising the question for the first time in this court. *Eigenmann* v. *Backof*, 56 Ind. 594; *Graham* v. *Martin*, 64 Ind. 567; *Shellenbarger* v. *Blake*, 67 Ind. 75.

2. In support of his answer, at the trial, "the defendant offered to prove by James L. Yater, a competent witness, and who will testify, that the plaintiff, in 1872 or 1873, lived with one Mrs. Kelley, between Baymiller and Freeman streets, on Eighth street, in the city of Cincinnati, Ohio, and that, at the time the said plaintiff lived with the said Mrs. Kelley, the said Mrs. Kelley kept a house of assignation and prostitution."

Objected to by plaintiff, objection sustained by the court, and the defendant excepted.

The appellee thinks the question of rejecting the above evidence is not well presented in the record :

1.   Because it does not show a proper objection made, and proper exception taken at the time ; and,

2.   Because it does not appear that the witness, Yater, was sworn and placed upon the stand, and the question asked and the answer refused, and then the offer to prove the facts made.

We do not see how any defect in the objection to the evidence made by the appellee can prejudice the appellants.   If the evidence had been admitted over the objections of the plaintiff, and she had complained of the ruling, then it would behoove her to show that the objection was properly made, and the exception properly reserved; but the appellant can not suffer for the neglect of the appellee.   It is true that the record does not show that the witness, Yater, was on the stand, or had been sworn and questioned, when the objection to the evidence was made. It is also true that it shows nothing to the contrary ; and, not showing any thing to the contrary, the point is not well presented.   We can not presume against the record. Every thing in the record which is not shown to be wrong must be presumed to be right.   If the appellee desired to reserve this point, it should have been properly brought into the record and presented to this court.   We must hold that the objection to the evidence was properly taken, and the exceptions properly reserved.

In our opinion the evidence offered was proper, and ought to have been received.   It tended to prove the answer, and, in part, to establish a good defence.   It was, therefore, error to sustain an objection to its admission. *Bell* v. *Eaton*, 28 Ind. 468 ; *Short* v. *Stotts*, 58 Ind. 29.

3.   At the trial the court instructed the jury as follows :

" 11. In this case the defendant has placed upon the files of this court an answer most seriouly affecting the character of the plaintiff. This he has a right to do, but he does so at his peril ; and, if you believe from the evidence that the defendant's answer is untrue, it is your duty to find for the plaintiff, and to consider the charges made against the plaintiff by the defendant, so far as the same affect her character, in aggravation of damages, and you may assess exemplary damages for the wrong done to her, the plaintiff, in placing upon record such charges against her character.''

This instruction is improper. By the code of practice, "The defendant may set forth in his answer as many grounds of defence, counter-claim, and set-off, whether legal or equitable, as he shall have;" and it must not be held that he does so at his peril, merely because he can not prove them. To reject the evidence that tends to prove a defence, and then instruct the jury that, if the defence is not proved, it will aggravate the damages, are rulings which we can not approve. 2 R. S. 1876, p. 62 ; *Vail* v. *Jones*, 31 Ind. 467.

4. The court also gave the following instruction to the jury, over the objection and exception of the appellant :

"12. If the defendant has failed to sustain the facts averred in his answer, by a fair preponderance of the evidence, you are at liberty to assess such damages in your verdict as the plaintiff has sustained on account of the breach of the contract, to which you may add such amount for all the wrongs and injuries he has done her character.''

This instruction is incorrect for the same reasons which rendered instruction number 11 improper. It plainly points to what is averred in the answer as matter of aggravation of damages. The appellant should not suffer damages, in this case, for matter unconnected with the breach of the marriage contract averred in the complaint.

If even the facts alleged in the answer had been maliciously published of and concerning the appellee as a libel, they could not be considered as aggravation of damages in an action for the breach of a promise of marriage.

5. Instruction number 14 is so essentially the same in principle as instructions numbered 11 and 12, that we may at once say, without setting it forth, that it is erroneous for the reasons stated above.

6. The appellee endeavors to convince us that no question arising under the motion for a new trial is properly presented by the record, because, 1, the motion and the causes therefor are not to be found in the transcript, except in the bill of exceptions; and, 2, because the causes assigned for a new trial are not sufficiently specified.

It is true, the motion for a new trial, and the causes assigned therefor, are not found in that part of the record which became such by the entry of the clerk upon the order book, but it is therein stated, after verdict returned, and before the rendition of judgment, that "thereupon the defendant ·files his written motion and reasons for a new trial, which are in the words and figures following, to wit, (here insert) which motion is submitted, and, after the argument of counsel, overruled by the court; and defendant, by counsel, excepts." In the bill of exceptions the motion and the causes therefor are set out in full. We think this is sufficient.

It is true, the motion for a new trial, and the causes assigned therefor, become a part of the record without a bill of exceptions, but they may also be made a part of the record by a bill of exceptions; but it is not necessary that they should be presented by both methods; either is sufficient.

We have examined the causes assigned for a new trial, and conclude that they are sufficiently specific. They clearly present all the questions complained of by the ap-

pellant in his brief, which arise under the motion for a new trial. *Hill* v. *Newman*, 47 Ind. 187 ; *Martin* v. *Harrison*, 50 Ind. 270 ; *Nichol* v. *Thomas*, 53 Ind. 42.

The judgment is reversed, at the costs of the appellee ; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings according to this opinion.

### On petition for a rehearing.

BIDDLE, J.—The appellee petitions us, not for a rehearing, but to decide an additional question, namely :

Can the plaintiff in an action for breach of promise of marriage introduce evidence to prove the pecuniary condition of the defendant, to enhance the amount of damages ?

The question does not appear to be very well presented by the record. It was not necessary to the decision of the case, and might not arise on another trial. For these reasons we did not consider it ; but, as it appears from the petition that it will arise on a second trial, perhaps it is better to decide it now than to leave it an open question for future appeal.

We think it is settled law that the plaintiff, in an action for breach of promise of marriage, may show by evidence the pecuniary condition of the defendant at the time of the alleged breach. Mr. Mayne, in his work on Damages, Wood's ed., says :

" The circumstances which aggravate the damages in an action of this sort are so obvious as to require no comment. One important fact consists in the wealth and social position of the defendant, as it shows what the plaintiff has lost by the breach of contract." Mayne Damages, 653, sec. 677. *Kerfoot* v. *Marsden*, 2 F. & F. 160 ; *Wood* v. *Hurd*, 2 Bing. N. C. 166 ; *Miller* v. *Rosier*, 31 Mich. 475 ; *Kniffen* v. *McConnell*, 30 N. Y. 285.

We have found no case holding to the contrary of this rule.

As to other questions touching damages in such cases, see the following authorities: *King* v. *Kersey*, 2 Ind. 402; *Dryden* v. *Knowles*, 33 Ind. 148; *Cates* v. *McKinney*, 48 Ind. 562; *Wilds* v. *Bogan*, 57 Ind. 453; *Tobin* v. *Shaw*, 45 Me. 331; *Grant* v. *Wiley*, 101 Mass. 356; *Lawrence* v. *Cooke*, 56 Me. 187; *Berry* v. *Da Costa*, L. R., 1 C. P. 331.