Haymond v. Saucer.

---

No. 9030.

## HAYMOND v. SAUCER.

PRACTICE.—*Complaint.*—*Separate Paragraphs.*—*Assignment of Error.*—*Demurrer.*—The sufficiency of separate paragraphs of a complaint, containing more than one paragraph, can not be questioned by an assignment of error thereon, but only by demurrer.

SAME.—*Demurrer to Answer, when Carried Back.*—It is only upon the defendant's exception to the sustaining, or upon the plaintiff's exception to the overruling, of a demurrer to an answer, that an enquiry into the sufficiency of the complaint is involved.

MARRIAGE CONTRACT.—*Breach.*—*Complaint.*—Allegations, in a complaint for breach of a marriage contract, that on a day named each party mutually promised " to marry the other thereafter, to wit, in a reasonable time; that subsequently they agreed to marry as aforesaid thereafter, to wit, November 14th, 1878," show a promise to marry on the last named date.

SAME.— *Seduction without Pregnancy.*— There may be seduction without pregnancy consequent upon the intercourse.

Haymond v. Saucer.

SAME.—*Damages.*—The Supreme Court will not say that an award of two thousand dollars as damages for seduction is excessive.

SAME.—*Seduction.*—*Successive Acts of Intercourse.*—When successive acts of intercourse are shown to have occurred under an engagement to marry, they may be regarded as constituting one wrong, consummated in the last act; and the fact that the promise to marry was indefinite as to the time of performance when the first intercourse was had, and was afterwards made definite by further agreement, does not affect the application of the rule, in an action for a breach of the promise and for the seduction.

SAME.—*Breach of Marriage Promise.*—One action may be maintained for a breach of promise to marry and for seduction under the promise.

SAME.—*Malicious Answer of Justification.*—*Aggravation of Damages.*—If, in an action for breach of promise to marry and for seduction, the defendant wantonly, with intent to injure the plaintiff and without reasonable belief that he will be able to prove it, alleges in his answer that the plaintiff is unchaste, and has had illicit intercourse with other men, it may be considered in aggravation of damages. *Hunter* v. *Hatfield*, 68 Ind. 416, distinguished and in part disapproved.

SAME.—Under the code, a defendant may set forth in his answer as many grounds of defence as he shall have, but may not, with impunity, pretend to have defences which he has no reasonable grounds to believe true and capable of proof.

SAME.—*Seduction.*— *Elements of Damage.*— *Evidence.*—The injury resulting from seduction consists in the loss of character as well as of good name, and from the fact of seduction, without other direct evidence, dishonor, humiliation, and the loss of peace and happiness may be inferred.

SAME.—*Failure to Call Witness.*—When, in an action for breach of promise and for seduction, evidence had been given tending to show improper relations between the plaintiff and another, it was not error to refuse to instruct that the jury might consider the failure of the plaintiff to produce and examine such person in reference to the matter.

SAME.—*Evidence.*— *Good Character of Plaintiff.*—When in such action the defendant has adduced evidence of particular acts of indiscretion by the plaintiff, she may rebut by showing her good character for chastity.

INSTRUCTIONS.—*Issues.*—*Admissions.*—It is not error to state in one instruction the issues as joined, and in another, if such be the fact, that the defendant has admitted the truth of the complaint in certain particulars. *Paris* v. *Strong*, 51 Ind. 339, distinguished.

PRACTICE.—*Jury Sent out at 10 o'clock P. M.*—*Discretion of Court.*—The Supreme Court will not, under ordinary circumstances, review the action of a trial court in matters of discretion ; sending the jury out at 10 o'clock P. M., to consider of their verdict, was not improper.

INSTRUCTION.—*Impeachment and Corroboration of Witness.*—Where an instruction given in reference to the impeachment or corroboration of a witness is sufficiently comprehensive to call the attention of the jury to every kind

of evidence relevant to the credibility of the witness, it is not error to refuse an instruction substantially its equivalent.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellant.
*T. B. Adams, L. T. Michener* and *B. F. Love,* for appellee.

Woods, J.—Breach of promise to marry; judgment against the defendant, who appeals.

The first and second specifications of error are not available. The sufficiency of a separate paragraph of complaint, which contains more than one paragraph, can not be brought in question by an assignment that the paragraph does not state facts sufficient. It is the entire complaint only which can be questioned in that way. *Trammel* v. *Chipman,* 74 Ind. 474.

The third specification is upon the overruling of the motion in arrest. This presents the question whether either of the paragraphs of the complaint states facts sufficient, after verdict, to show a cause of action.

Counsel for the appellant claim, " that the sufficiency of each paragraph of the complaint is called in question by the demurrers to the answers"—there having been separate answers addressed to each paragraph severally, to which answers demurrers were filed and overruled. It is plain that those rulings do not reach back to the complaint. If the demurrers had been sustained, and the appellant had assigned error upon the rulings, the respective paragraphs of the complaint would have been brought under consideration, so far, at least, as necessary to determine the sufficiency of the respective answers. So too, if the appellee had, in this case, assigned cross errors upon the overruling of the demurrers to the answers.

The objection made to each paragraph of the complaint is, that it does not allege a promise to marry at a stated time, and that it was, therefore, necessary to allege a request and refusal, which is not done. The averments in this respect are the same in each paragraph, and are as follows : " That heretofore, to wit, May 1st, 1878, in consideration of the defend-

ant's promise to marry the plaintiff, she promised to marry him, and they mutually promised to marry the other thereafter, to wit, in a reasonable time; that subsequently they agreed to marry as aforesaid thereafter, to wit, November 14th, 1878."

Counsel insist that the effect of the words " as aforesaid " is to make the second promise, like the first, a promise to marry within a reasonable time after November 14th, 1878, when, as it is assumed, the second promise was made. On the contrary, we deem it the clear meaning of the language used that the promise was to consummate the marriage on the day named; and, this being so, it was not necessary to allege a request.

It is claimed that the seduction alleged in the second paragraph is not well pleaded; but the question is not involved in the ruling on the motion in arrest,—the cause of action for the breach of promise being well stated. There is, however, no doubt of the sufficiency of the averments in this respect. *Hart* v. *Walker,* 77 Ind. 331; *Johnson* v. *Holliday,* 79 Ind. 151. There may be seduction without consequent pregnancy.

We can not disturb the verdict, either for lack of evidence or on account of excessive damages. There is in the record sufficient evidence to show the alleged breach of promise, as well as to support the charge of seduction; and for such a wrong we can not say that the sum awarded, $2,000, was too much.

The complaint charges that the seduction occurred in July, 1878, and that prior thereto the plaintiff's reputation was good; the testimony of the plaintiff is that the first sexual intercourse between her and the defendant occurred in the preceding December; and upon this it is insisted that the intercourse had in July following did not constitute a seduction. This was a question for the jury. If the subsequent intercourse was the result of the first, and of the promise then made, and of the persuasions then employed, it was a seduction; and, where such successive acts are shown to have occurred under

an engagement to marry, the jury may properly regard them as constituting elements of one wrong, consummated in the last act of intercourse; and the fact that the promise to marry was, in the first instance and when the first intercourse was had, indefinite as to the time of marriage, and was afterwards made definite by further or supplemental agreement between the parties, does not affect the application of the rule.

In one of its charges, the court instructed that "The plaintiff must show a contract such as is pleaded in the complaint, and a breach thereof by the defendant;" and in another charge said: "The defendant, in person and by counsel, admits that a contract of marriage existed between plaintiff and defendant to marry on the 14th day of November, 1878, but the defendant denies that he seduced, etc. This concession being made, you must determine whether the defendant violated the contract by refusing to marry the plaintiff, and did seduce her as charged."

It is insisted that these propositions are inconsistent. They are clearly in harmony. The first properly states the burden of the issue; the second states that, in respect to the contract, the defendant himself, and by his counsel, had conceded the truth of the complaint. The record shows that the appellant did, as a witness, make the admission imputed to him, and, in the absence of a contrary showing, the presumption is that his counsel, during the trial, made a like admission; and, this being so, the court quite properly explained to the jury what remained to be determined upon the evidence. The question here is by no means the same as in *Paris* v. *Strong*, 51 Ind. 339, which is cited.

Exception was saved to the following instructions:

"While the defendant may, in a proper case, plead and show by competent evidence, a want of chastity in the plaintiff before the cause of action arose, yet, if the defendant wantonly, with an intention to injure the plaintiff, alleges that she is unchaste, or that she has had sexual intercourse with other men, without reasonable belief or expectation that he

will be able to establish the same by proof, it may be considered by the jury in aggravation of damages. But it should not be considered when the allegations are made in good faith, under circumstances which would warrant a cautious attorney in the belief that they could be established by evidence on the trial.

" While this is an action for damages for breach of a marriage contract, it is competent for the plaintiff to plead and show that the defendant seduced her under the promise of marriage, and if this is shown, in connection with the other allegations of the complaint, it would enhance the damages of plaintiff, and enlarge her rights of recovery."

In reference to the first of these charges, counsel for the appellant say :

" In the case of *Hunter* v. *Hatfield*, 68 Ind. 416, 420 and 421, the court say : ' The appellant should not suffer damages, in this case, for matter unconnected with the breach of the marriage contract averred in the complaint. If even the facts alleged in the answer had been maliciously published of and concerning the appellee as a libel, they could not be considered as aggravation of damages in an action for the breach of a promise of marriage.'

"And the reason given for this is found on page 420, where the court say : 'By the code of practice, "the defendant may set forth in his answer as many grounds of defence, counterclaim, and set-off, whether legal or equitable, as he shall have ;" and it must not be held that he does so at his peril, merely because he can not prove them.'

"And we might add, as additional reasons, that the jury would be trying a case of libel, sounding in tort with a breach of contract, and considering questions outside of the issues, and the good faith with which parties are defending a cause, after they are brought into court and compelled to defend themselves."

Upon the subject of the other charge, the remarks of Dow-

NEY, J., in the case of *Cates* v. *McKinney*, 48 Ind. 562 (17 Am. R. 768), are cited.

We think the court committed no error in giving either of these instructions. The one which was condemned in *Hunter* v. *Hatfield* was materially different, in that it left no room for enquiry whether the defendant acted wantonly or in good faith in presenting his alleged defences. We do not, however, consider that the provision of the code referred to in that opinion has the significance there attributed to it. While a defendant may unquestionably and without responsibility, " set forth in his answer as many grounds of defence, * * as he shall have," he may not pretend to have those of which he has no evidence, or which he has no reasonable ground to believe to be true and capable of proof.

Sham pleadings are condemned by express provision of the code, R. S. 1881, section 382; and there is no more reason for saying, on account of the provision under consideration, that a false and malicious plea may not aggravate the damages to be awarded in the case wherein it is pleaded, than there would be for saying that the matter, though libellous and false, was privileged, under the statute, and, therefore, could not be made a cause of action in a separate suit. It is not a question of right to plead a defence. That right always existed; and the effect of the statute is simply to enable a defendant to set forth in one answer as many grounds of defence as he may wish to; and neither before nor since the adoption of the code has a party been privileged to plead, in malice or in bad faith, matters of a mendacious and defamatory character.

The real and only question, therefore, is whether such false plea should, under the circumstances stated in the instruction, be deemed to enhance the damages awarded in the case wherein the plea is filed, or should it be made the basis of a separate action. There is some plausibility in the suggestion, that to uphold the instruction results in combining in the same action matters of contract and of tort; but this objection, we think, ought not to prevail. It would exclude the consideration of

seduction, also, as an element of damages in such a case, the admissibility of which, when pleaded, this court, as well as others, has often recognized. *Kurtz* v. *Frank*, 76 Ind. 594 (40 Am. R. 275); *Wilds* v. *Bogan*, 57 Ind. 453; *King* v. *Kersey*, 2 Ind. 402; *Whalen* v. *Layman*, 2 Blackf. 194 (18 Am. Dec. 157); *Felger* v. *Etzell*, 75 Ind. 417; *Kelley* ·v. *Riley*, 106 Mass. 339 (8 Am. R. 336); *Kniffen* v. *McConnell*, 30 N. Y. 285; *Sauer* v. *Schulenberg*, 33 Md. 288 (3 Am. R. 174); *Leavitt* v. *Cutler*, 37 Wis. 46; *Sheahan* v. *Barry*, 27 Mich. 217; *Fidler* v. *McKinley*, 21 Ill. 308; Cooley Torts, 510, 511.

The truth of the answers filed, and the circumstances upon which the question of good faith in the filing of them depends, must necessarily be examined and determined by the jury, upon the trial of the case for the breach of promise; and there is no good reason why one verdict may not accomplish a complete adjustment between the parties of all matters within the proper scope of the investigation. In support of this view, see the following cases: *Southard* v. *Rexford*, 6 Cow. 254; *Johnson* v. *Jenkins*, 24 N. Y. 252; *Thorn* v. *Knapp*, 42 N. Y. 474 (1 Am. R. 561); *Distin* v. *Rose*, 69 N. Y. 122; *Denslow* v. *VanHorn*, 16 Iowa, 476; *Simpson* v. *Black*, 27 Wis. 206; *Leavitt* v. *Cutler*, 37 Wis. 46; *Davis* v. *Slagle*, 27 Mo. 600; *Clark* v. *Reese*, 35 Cal. 89; *Powers* v. *Wheatley*, 45 Cal. 113; *Reed* v. *Clark*, 47 Cal. 194; *Fidler* v. *McKinley*, 21 Ill. 308; *Sloan* v. *Petrie*, 15 Ill. 425; *White* v. *Thomas*, 12 Ohio St. 312; *Baldy* v. *Stratton*, 11 Pa. St. 316.

In *Thorn* v. *Knapp, supra*, it is said: " The general rule as to actions upon contracts is, that the plaintiff can only recover a compensation for the damages he has sustained by the breach of the defendant, and exemplary or punitory damages are not allowed. To this rule an action for breach of contract of marriage is an exception. * * As to the measure of damages, this action has always been classed with actions of torts; as libel, slander, seduction, criminal conversation. * * * In such actions it is not only proper to show the main transaction, but any facts bearing upon or relating to it, showing

that it was done wantonly, maliciously and wickedly, with the view of enhancing the damages. It is upon this theory, that, in an action of slander, the plaintiff is permitted to prove the repetition of the slanderous words subsequent to the time alleged in the complaint, even down to the trial. This proof is allowed, not to sustain the action, and not for the purpose of recovering damages for the words thus repeated, but solely for the purpose of proving the malice which prompted the utterance of the words counted on, and thus bearing upon the damages to be allowed on account of them. * * * So in an action for breach of promise of marriage, it is always competent, for the purpose of enhancing the damages, to prove the motives that actuated the defendant; that he entered into the contract and broke it with bad motives and a wicked heart; and it is competent for him to prove, in mitigation of damages, that his motives were not bad, and that his conduct was neither cruel nor malicious." See, also, the opinion of DILLON, J., in *Denslow* v. *VanHorn, supra.*

The fact that seduction, accomplished under some circumstances, is a crime, is no reason why it may not be the subject of a civil action; and if, instead of making a separate cause of action, the injured party chooses to plead it as cause for aggravation of damages in a suit for a breach of the promise of marriage, under which it was accomplished, there is no good reason why it may not be done.

The court also instructed as follows:

"If you find that plaintiff was seduced and debauched by defendant, under the promise of marriage, as alleged in the complaint, you may also award her such damages as flow from the wrongful act; any loss of peace and happiness, injury from the disgrace cast upon her, any dishonor, pain or humiliation that is shown to be the result of the wrongful act."

The objection made to this is, "That the complaint admits her good name on the 15th day of July, 1878, and hence she sustained no injury from the first intercourse in December,

1877, and there is no evidence of any loss of peace and happiness," etc.

The answer to this is, that the injury resulting from seduction consists in the loss of character as well as of good name or reputation, and from the fact of seduction, without other direct evidence, the jury may infer dishonor, humiliation, and the loss of peace and happiness.

The court gave also the following charge :

"The plaintiff has introduced evidence of the general moral character of the witnesses Theodore Luther and John Jenkins. Witnesses may be thus impeached; but in connection with this evidence it is proper for you to consider whether they have been supported by evidence of good character for truth and veracity ; whether they have been corroborated by other truthful witnesses, and whether their testimony is consistent with the other facts in the case, which have been proven to your satisfaction. After considering all this evidence you may give full weight and credit to the testimony of these witnesses, if you believe it to be true, as it is your exclusive province to say what evidence you will receive as true, and what you will reject as false."

And refused the following asked by the appellant :

"Evidence of the general moral character of witnesses Theodore Luther and John Jenkins has been offered before you. I will say that a witness may be impeached in every way known to the practice, and yet, if his testimony is corroborated by other truthful witnesses, and is consistent with the other facts proven to your satisfaction, you are at liberty to disregard the impeaching evidence, and give full weight to the testimony of the witness, if you believe it to be true, as you are the exclusive judges of the credibility of witnesses, and it is exclusively your province to say what evidence you will receive as true, and what you will reject as false."

Counsel say that, with evidence tending to sustain as well as to impeach the witnesses named, the instruction given was too narrow, and the one refused should have been given.

We think the instruction given sufficiently comprehensive to call the attention of the jury to every kind of evidence relevant to the credibility of the witnesses named.

The court refused the following requests for charges:

"6th. If the plaintiff, as shown by the evidence, was unchaste at the time the alleged carnal intercourse took place, and was occasioned as much by her misconduct as by that of the defendant, the defendant would not be guilty of seduction.

"7th. If an immoral man solicits sexual, intercourse with an immoral female, and she yields through the promptings of her own lascivious and lecherous desires, it is not seduction such as will entitle her to recover damages in her own right, though a child be begotten by the connection."

Number 6 is incomplete and meaningless; and number 7 was properly refused, because there was no evidence that a child was begotten. Besides, the instructions given by the court clearly and fully covered the propositions embraced and intended to be embraced in these requests. This is true also in reference to the refusal to give a special charge in relation to the burden of proof of the alleged seduction. The instructions given covered the subject.

The appellant had offered evidence, tending in some degree to show improper relations between the appellee and one Smith Allen, who was shown to have been within call during the progress of the trial; and upon this the appellant asked the court to instruct that "the jury" might "consider the failure to produce and examine Mr. Allen, by plaintiff, in connection with such transactions as the evidence tends to show that the plaintiff and said Allen were engaged in, which would tend to injure their character and reputation."

The refusal to give this was manifestly proper. The failure to produce a witness, who might as well be called by one party as the other, is no reason for indulging a presumption against either party. The burden of proof in respect to the alleged misconduct was upon the appellant, and if Allen's

testimony could have availed him, he should have called him to the stand. The appellee was not bound to prove the negative.

The court permitted the appellee to offer evidence of her good character or reputation for chastity, in rebuttal of the evidence offered by the appellant for the purpose of showing particular acts of unchastity. There was no error in this. 1 Wharton Ev., section 51; 1 Greenl. Ev., section 54; *American Express Co.* v. *Patterson,* 73 Ind. 430. Wharton, *supra,* says: "On the other hand, to mitigate the offence, the defendant has been held entitled to put in evidence not merely the prior general bad character, but particular prior acts of indiscretion, on the part of the person seduced. In such case the plaintiff may prove the general good reputation of the seduced person in rebuttal."

The court submitted the cause to the jury, and sent the jury out to consider of their verdict at the hour of 10 o'clock P. M., and this is made a ground of complaint. This court will not, under ordinary circumstances, undertake to review the action of trial courts in a matter so entirely within their discretion. Nothing extraordinary is shown in this instance.

The ninth cause stated in the motion for a new trial is not available, because the record does not show that the court was informed what it was proposed to show by the answer to the question which the witness was not permitted to answer.

Judgment affirmed.