CHARLES WANECEK v. MARY KRATKY.

FILED SEPTEMBER 17, 1903. No. 13,137.

1. **Marriage Contract.** Where upon an agreement of marriage the parties expressly agree that the ceremony shall be celebrated in accordance with the rules and customs of a particular religion and church, such rules and customs become a part of the contract and binding upon the parties.

2. **Action for Breach.** Where one of the parties to a marriage contract fails to perform his agreement at the time fixed for the ceremony, no reasonable excuse existing for such failure, the other party may rescind the contract and maintain an action for damages.

ERROR to the district court for Douglas county: LEE S. ESTELLE, DISTRICT JUDGE. *Affirmed.*

*John D. Ware,* for plaintiff in error.

*Henry C. Murphy* and *Charles L. Hover, contra.*

DUFFIE, C.

About November 1, 1900, the parties entered into an agreement of marriage and on the following day they called on Father Bednar, a Catholic priest in charge of a church at South Omaha, to procure the publication of the banns in accordance with the regulations of that church. The date of the marriage was fixed for November 27, 1900, at eight o'clock A. M.  On three successive Sundays after this visit to the priest, public announcement of their proposed marriage was made in accordance with the laws and customs of the church.  Following this announcement and up to about the date fixed for their marriage plaintiff in error continued to call upon the defendant in error, and, under the expectation that the marriage would take place

as arranged, she secured bridesmaids, called home distant members of her family, invited friends, and made all preparations for the ceremony.   It was arranged that plaintiff in error should call for his bride at the residence of her parents, but he failed to do so; and it was afterwards ascertained that he went to his work in the usual manner at one of the packing-houses in South Omaha, and, when called on by an attorney for defendant in error, gave as an excuse that Father Bednar had stated to the mother of defendant in error that he was not a good Catholic, and was not strong enough in the faith; that he was willing to be married by any other priest or at the court house or by any one authorized to perform the ceremony, but declined to have the ceremony performed by Father Bednar. Thereupon, defendant in error elected to terminate the marriage contract and brought this action for damages. The jury returned a verdict in her favor for something over five hundred dollars, upon which the court entered judgment, and defendant has taken error to this court.

The principal error urged is that it is not shown that the plaintiff in error refused to marry defendant in error and that his neglect to call for her and accompany her to the church, as agreed, does not of itself constitute a breach of the marriage contract on his part, especially in view of the fact that he informed her attorney that he was willing to consummate the marriage before any other priest or officer authorized to perform the ceremony.   The rule is well established that attached to every contract of marriage is an implied condition that any subsequent change in mental or physical condition of either party, so as to render it impossible to accomplish the object of the marriage relation, releases the parties from the agreement.   In such case, no action will lie for breach of the contract.   On the other hand, it is beyond controversy that where the parties expressly agree that their marriage shall be celebrated under and in accordance with the rules and customs of a particular religion and church, such rules and customs become a part of the contract and binding upon

the parties. In the case at bar, the parties entered into such express agreement, even specifying the church and the priest. The day and hour of consummation was mutually agreed on by the parties with the sanction and consent of the priest who was to perform the ceremony. This precaution was taken to avoid naming a day prohibited by the rules of the church. The violation of this part of their agreement, without just cause, amounted to a breach of the contract on the part of the plaintiff in error, and defendant in error, as she well might do, elected at the time to consider the contract ended and to sue for damages.

In *Kelly v. Renfro*, 9 Ala. 325, at the trial it appeared that an engagement of marriage existed between the plaintiff and defendant, that a day had been fixed for the marriage, preparations made and the guests invited. On the morning of the day agreed upon, the defendant wrote a note to plaintiff's father saying that he thought the engagement ought to be postponed, at least for the present. This note was not answered. The defendant offered to show that shortly after the day set he had proposed a performance of the contract, also that before this action was brought he had repeatedly proposed to consummate the marriage. This evidence the court ruled out. The defendant requested the court to charge the jury that if he, on the day set, proposed either a postponement or a rescission of the contract, the plaintiff's assent might be inferred from her silence at the time of this proposal, as well as from declarations made by her. This charge the court refused to give. The court said:

"It is scarcely necessary to add, that the charge requested was properly refused. No virtuous female could be expected to respond directly to the note which the defendant communicated to the plaintiff's father, and no other inference ought to be drawn from her silence, than that the engagement was terminated, not merely postponed, by this act of the defendant, independent of any assent on her part."

To the same effect is *Jones v. Layman*, 123 Ind. 569.

In *Holloway v. Griffith*, 32 Ia. 409, it is said:

"An offer on the part of the defendant to fulfil the marriage contract after a refusal, or a continuance of the offer in open court upon the trial, on condition that plaintiff would dismiss the suit, should not be regarded by the jury either as a defense or in mitigation of damages."

As in other cases, the rule is that after a defendant has once broken his promise, his offer to renew is no defense on an action for its breach. The circumstances were most humiliating to the defendant in error. She had sent for her relatives, invited her friends, and was prepared to accompany the bridegroom to the church. Without excuse or explanation, he failed to meet his appointment and left her to bear the shame and humiliation of his conduct. Under such circumstances, we think that defendant in error was justified in rescinding the contract and in replying to his proposition, "After the trick you played me I will not have you in church or out of church." The criticisms upon the instructions of the court are, we think, without merit. There was a clear breach of contract on the part of the plaintiff in error. The defendant in error promptly rescinded the contract and brought this action for its breach. His proffer to consummate the agreement after breach and after rescission on the part of defendant ought not to be considered. We recommend an affirmance of the judgment.

POUND and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.